# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DENICE MINESKY,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0398**  (BOR Appeal No. 2050880)
                   (Claim No. 2012032128)

**SUMMERS NURSING AND REHABILITATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Denice Minesky by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Summers Nursing and Rehabilitation by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 24, 2016, in which the Board affirmed the October 19, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 13, 2014, denial of the request to add left ulnar neuropathy and a progression or aggravation of pre-existing carpal tunnel syndrome as compensable conditions. It also affirmed the claims administrator's December 18, 2014, denial of authorization for retroactive payments to S.K. Shamma, M.D. for office visits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Denice Minesky, a certified nursing assistant, slipped on ice that was on a patient's floor on April 8, 2012. She tried to break her fall with her left arm, but fell to the floor. The claim was originally held compensable for lumbosacral and thoracic sprains/strains. Dr. Shamma, Ms. Minesky's treating physician, diagnosed ulnar neuropathy on August 24, 2012. Ms. Minesky testified by deposition on July 29, 2013, that she first sought treatment with Dr. Shamma a couple of days after the accident. Her left arm did not start to hurt her until she was passing breakfast trays while she was working light duty after the fall. She noticed a sharp pain from her elbow to her hand at that time. Ms. Minesky stopped working in September of 2012.

1

Dr. Shamma submitted a Diagnosis Update form on April 2, 2013, listing lumbosacral sprain/strain as the primary diagnosis, thoracic sprain/strain as the secondary diagnosis, pain in the upper arm and joint as the third diagnosis, and left ulnar neuropathy as the fourth diagnosis. On May 6, 2013, the claims administrator denied Ms. Minesky's request to add pain in the upper arm and joint and left ulnar neuropathy as compensable conditions.

Bruce Guberman, M.D., performed an independent medical evaluation on June 28, 2013. He noted Ms. Minesky continued to have thoracic spine pain, low back pain, and constant numbness and tingling throughout her entire left hand. He diagnosed acute and chronic thoracic spine strain, post-traumatic; acute and chronic lumbosacral strain, post-traumatic; and post-traumatic pain and numbness throughout the left hand and arm. He wanted to rule out left ulnar neuropathy and an aggravation of pre-existing left carpal tunnel syndrome. Dr. Guberman recommended the claimant undergo electrophysiologic studies on the left upper extremity in order to make a more accurate diagnosis regarding the possible neuropathy.

On March 24, 2014, the Office of Judges modified the claims administrator's May 6, 2013, decision by adding left upper arm pain as a compensable condition. It denied the request to add left ulnar neuropathy as a compensable condition pending proper diagnostic testing of Ms. Minesky's left arm. The Office of Judges then remanded the claim to the claims administrator to have Ms. Minesky undergo nerve conduction studies as recommended by Dr. Guberman and Dr. Shamma.

Joe Othman, M.D., performed the NCV and EMG studies on June 25, 2014. The studies revealed significant left ulnar nerve compression across the elbow as well as bilateral carpal tunnel syndrome. Jerry W. Scott, M.D, performed an independent medical evaluation on January 14, 2014. At that time, he opined that left ulnar neuropathy should not be added as a compensable condition due to Ms. Minesky's pre-existing carpal tunnel syndrome. He also found Ms. Minesky's pain complaints atypical for ulnar neuropathy as she reported pain in the anterior aspect of her forearm, particularly the antecubital region. After reviewing the results of the NCV and EMG studies, Dr. Scott issued an addendum to his report on September 26, 2014. He found Ms. Minesky's pain complaints in regard to the left ulnar neuropathy to be atypical of what is normally seen. He did not believe the left ulnar neuropathy was causally related to the April 8, 2012, work injury. In making that determination, he reviewed the mechanism of injury, the lack of consistent documentation of the left upper extremity complaints after the injury, the positive electrodiagnostic study, and the findings of his examination. He also found Ms. Minesky did not have a post-traumatic worsening of her carpal tunnel syndrome.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on March 18, 2015. He noted a chief complaint of pain in the left arm, back pain, and numbness in the left arm. Dr. Mukkamala diagnosed thoracic sprain and lumbosacral sprain. He also noted the claim had been accepted compensable for joint pain in the upper extremity. In Dr. Mukkamala's opinion, Ms. Minesky showed no evidence of ulnar neuropathy, and if it ever was present, it was not causally related to the fall. He pointed out that Ms. Minesky says she broke her fall with her left arm but she failed to mention that on her first report of injury or when she went to see Dr.

Shamma. Additionally, Ms. Minesky initially had pain and swelling in her right arm not the left arm. Dr. Mukkamala went on to opine that there was no objective, credible medical evidence to indicate an injury to the left elbow. The diagnosis of ulnar neuropathy was questionable at best. He also found Ms. Minesky's statements to be inconsistent.

In its October 19, 2015, Order, the Office of Judges determined that Drs. Scott and Mukkamala both opined that Ms. Minesky did not have carpal tunnel syndrome as a result of the injury, nor was her pre-existing carpal tunnel syndrome aggravated by the injury. The Office of Judges determined Ms. Minesky had not introduced any medical evidence that the compensable injury caused an aggravation and/or progression of the pre-existing carpal tunnel syndrome. However, the employer had presented medical evidence opining the work injury did not cause carpal tunnel syndrome or cause an aggravation and/or progression of the pre-existing carpal tunnel syndrome. Therefore, the Office of Judges found Ms. Minesky had not proven by a preponderance of the evidence that the work injury caused an aggravation and/or progression of the carpal tunnel syndrome.

The Office of Judges then turned to the work-relatedness of the left ulnar neuropathy. It determined that neither Dr. Shamma nor Dr. Guberman specifically gave an opinion that the compensable injury caused the left ulnar neuropathy. The Office of Judges declined to speculate on causation and found the left ulnar neuropathy was not a compensable condition as Ms. Minesky failed to prove otherwise.

Finally, the Office of Judges addressed the issue of payment for office visits with Dr. Shamma. Ms. Minesky requested payment for office visits for July 7, 2014; August 6, 2014; September 9, 2014; and October 9, 2014. The treatment note from July 7, 2014 was not submitted into evidence, and therefore, could not be considered. The Office of Judges determined the treatment notes dated August 6, 2014; September 9, 2014; and October 9, 2014, revealed Ms. Minesky was being treated for nerve damage and complaints associated with carpal tunnel syndrome. As the treatment provided on those days was not for the compensable injury, payment for the office visits was properly denied.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 24, 2016. After review, we agree with the Board of Review. Ms. Minesky submitted a great deal of medical evidence in support of her claim. However, none of the evidence submitted proved that the left ulnar neuropathy developed as a result of the compensable injury. Drs. Scott and Mukkamala agreed that the ulnar neuropathy was not due to the work accident. Their opinion is reinforced by the fact that Ms. Minesky stopped working in September of 2012 but reported no decrease in symptoms. Additionally, she did not report the complaints until weeks following her fall, and she admits she had no pain until she was passing breakfast trays while working on light duty.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum